**Wanda FAIR and Odis Perry, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 13–86–518–CR, 13–86–528–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1988.

Gerald H. Goldstein, Robert O. Switzer, San Antonio, for appellants.

Wiley L. Cheatham, Dist Atty., Cuero, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellants Wanda Fair and Odis Perry were tried together for assaulting a peace officer. The jury found both guilty and assessed punishment for each at ten years probation and a fine of $5,000. Since each appellant raises essentially the same points of error, we will address the separate appeals in one opinion, and will affirm the convictions.

In their first point of error, appellants contend that they were denied the effective assistance of counsel through acts of omission by trial counsel. Specifically, appellants complain that counsel failed to conduct an adequate voir dire examination, failed to object to the introduction of certain hearsay testimony, and failed to present evidence in mitigation of punishment. In addition, appellant Fair contends that counsel failed to elicit character testimony on her behalf. We will address these contentions in the order presented by appellants.

■ Appellants contend that counsel failed to object to the State's challenge, or failed to attempt to rehabilitate eleven members of the voir dire panel who the State challenged for cause. In reviewing appellants' point of error, we apply the standards set forth in *Ex parte Cruz*, 739 S.W.2d 53 (Tex.Crim.App.1987) and *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim. App.1986) for judging the effectiveness of trial counsel's representation.

A review of the voir dire examination shows that of the eleven veniremen, seven stated that they could not be fair because they had some relationship with the appellants which would tend to affect their votes in favor of the appellants. These veniremen were properly challenged under Tex. Code Crim.Proc.Ann. art. 35.16(a)(9) (Vernon Supp.1988). When a juror expresses an inability to be fair and impartial to the State, that juror may be excused for cause. *Phillips v. State*, 661 S.W.2d 226 (Tex.App. —Houston [1st Dist.] 1983, pet. ref'd).

Three veniremen indicated that they could not send anyone to the penitentiary. These jurors were properly excluded under Tex.Code Crim.Proc.Ann. art. 35.16(b)(3) (Vernon 1966). The State is entitled to jurors who can consider the full range of punishment. *Silguero v. State*, 654 S.W.2d 492 (Tex.App.—Corpus Christi 1983, pet. ref'd).

While appellant could have questioned the above ten veniremen, it appears that they were properly subject to challenge for cause because of their views, and we cannot find that counsel committed unprofessional errors by not exploring their views further.

The eleventh venireman indicated that he "didn't think" he could send anyone to the penitentiary and then stated that he would "rather have no part in this." At that point, appellants' counsel stated that he had no objection to excusing the juror. While counsel may have been able to rehabilitate this juror, we cannot say that his decision to excuse this juror who would "rather have no part in this" reflects an unprofessional error.

■ Appellants also complain that counsel failed to object to the introduction of hearsay evidence. During cross-examination of the State's primary witness, appellants' counsel elicited testimony showing that the incident in question produced not only charges against the appellants for assaulting the peace officer, but accusations against the peace officer for abusing the appellants, which resulted in an internal affairs investigation by the Department of Public Safety. Counsel elicited from the officer that the internal affairs investigation had resulted in his exoneration on some charges. Other charges had been labeled "unfounded."

Thereafter, the State introduced a copy of a letter to the officer from the internal affairs division clearing the officer of the charges against him. Appellants did not object to the State's offer of this letter. As counsel had already elicited the results of the investigation during cross-examination, we fail to see how appellants' failure to object would be error. It appears from counsel's questions and from his discussion with the trial court before he asked his questions, that counsel was attempting to show that the officer's trial testimony was biased because of the internal investigation. Counsel cannot be faulted for his attempt to show that the officer's testimony was biased by his efforts to avoid sanctions for police misconduct.

■ Appellants also complain that counsel was ineffective for failing to present evidence in mitigation of punishment. During the guilt phase of trial, appellants presented numerous reputation witnesses. At both guilt and punishment phases, each appellant testified.

Appellants now complain that the testimony of two reputation witnesses was struck following State objections when the witnesses indicated that they were basing their conclusions on experiences each had with the accused rather than upon what they had heard about the accused in the community. As noted above, numerous reputation witnesses did testify along with the appellants. We do not find that counsel was required to present additional character or reputation witnesses at the punishment phase to effectively represent the appellants.

Appellant Fair also alleges that counsel was ineffective for failing to elicit character evidence. While character evidence could have been introduced, we cannot find that the failure to present character evidence amounts to ineffective assistance. Throughout the course of the trial, counsel demonstrated a complete command of the facts of the case. He extensively and diligently cross-examined the State's witnesses. He presented reputation witnesses and argued coherently on behalf of appellants. Appellants were not denied the right to effective representation by counsel. Appellants' first point of error is overruled.

■ In their second point of error, appellants contend that the presumption found in Tex.Penal Code Ann. 22.02(b) (Vernon 1974) is unconstitutional. Section 22.02(b) provides that the actor is presumed to have known the person assaulted was a peace officer if he was wearing a distinctive uniform indicating his employment as a peace officer. The jury was instructed on this presumption and the effect of the presumption in accordance with Tex.Penal Code Ann. 2.05 (Vernon 1974).

Recently, the Court of Criminal Appeals addressed the constitutionality of presumptions in *Bellamy v. State*, 742 S.W.2d 677 (Tex.Crim.App.1987). Because 22.02(b), in conjunction with 2.05, invites but does not compel the factfinder to rely upon a predicate fact (wearing uniform) to establish the elemental fact (knowledge that person is a peace officer), the presumption is a permissive one. *See Bellamy* at 682. The validity of a permissive presumption is to be judged by the facts of the particular case to determine whether it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend as supported in the record as a whole, not simply on the strength of the inference arising from the bare predicate facts. *Bellamy* at 682–83.

In this case, the officer was wearing his uniform, when he arrived at the scene in a police car whose overhead lights were flashing. Taking into account the standards and considerations mentioned in *Bellamy*, the presumption found in 22.02(b) is not unconstitutional. Appellants' second point of error is overruled.

■ In their third and fourth points of error, appellants challenge the constitutionality of the parole and good conduct charge. The Court of Criminal Appeals has determined that the charge is unconstitutional. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (Opinion on Rehearing). Whether the error is reversible depends on whether this Court can determine beyond a reasonable doubt that the error made no contribution to the punishment. *Rose*, 752 S.W.2d at 553.

The jury was instructed not to use the information concerning parole in assessing the appellants' punishment. Parole was not mentioned during jury argument by either the State or appellants. Appellants received the maximum punishment possible for the offense: 10 years and a $5,000 fine. The jury, however, probated the confinement portion of the punishment. Given the jury's decision to award probation, we are convinced beyond a reasonable doubt that the parole charge did not affect the jury's assessment of punishment. Accordingly, while the trial court erred in charging the jury on parole, the appellants' third and fourth points of error do not result in reversible error.

■ In their fifth point of error, appellants contend that they were deprived of a fair and impartial trial because the verdict was a product of community pressure brought upon the jurors when the media published their names during the course of the trial. The State contends that nothing was preserved for appellate review. We agree.

While the transcript contains a copy of the newspapers in which the jurors' names were published, no attempt was made to show that any juror was influenced by the media. In addition, there is nothing to show that any juror knew anything about the newspaper articles. The trial court instructed the jurors early in the trial not to read anything in the newspapers, or to listen to the radio or television, about the case. Appellants made no effort to show that any juror violated the court's admonishment. *See Henley v. State*, 644 S.W.2d 950 (Tex.App.—Corpus Christi 1982, pet. ref'd). Appellants' fifth point of error is overruled.

The judgment of the trial court is AFFIRMED.

SEERDEN, J., files dissenting opinion.

SEERDEN, Justice, dissenting.

I respectfully dissent from the majority's holding with respect to appellants' third and fourth points of error finding beyond a reasonable doubt that the court's instructions concerning the parole and good conduct law made no contribution to the punishments set out in these cases. As I understand the holding of *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (Opinion on Rehearing), it is the duty of this Court,

in reviewing the trial court's error in submitting the unconstitutional instruction concerning the parole law, to reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the punishment. The single fact that the jury gave the defendants probation in these cases does not meet this burden for me. There is nothing in this record to indicate how the jury arrived at the granting of probation. It is well known that on occasion juries will decide the length of punishment and amount of fine, if any, they believe is justified in a particular case and after making that decision then consider whether probation is appropriate. This trial took 6 days to try and the record consists of 834 pages. I cannot say beyond a reasonable doubt what factors the jury considered in arriving at its decision. I would feel compelled to set aside the judgment of the trial court in this case and remand the matter for further proceedings in accordance with *Ex parte Klasing,* 738 S.W.2d 648 (Tex.Crim.App. 1987). *See* Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1988).