STATE of Missouri, Respondent,

v.

**Jerry PIERCE, Appellant.**

**Nos. WD 50468, WD 51632.**

Missouri Court of Appeals,
Western District.

June 4, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Rosemary Percival, Public Defender Office, Kansas City, for appellant.

Philip Koppe, Atty. Gen. Office, Kansas City, for respondent.

HANNA, Judge.

The defendant, Jerry L. Pierce, was convicted, by a jury, of one count of first degree tampering, § 569.080.1(2), RSMo 1994, and sentenced as a prior and persistent offender to eleven years imprisonment. He appeals from his conviction and from the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing.

The defendant does not challenge the sufficiency of the evidence. The record shows that on November 30, 1993, a police officer stopped the car being driven by the defendant because it had an expired Kansas license plate. The officer arrested the defendant and the three passengers after learning that the car had been stolen.

At the police station, the defendant, using the name "Otis Willoughby," told the detective that he knew the car was stolen, but denied stealing it. The defendant claimed that "Curtis Carson" stole the car. The owner of the car, Walter Carolan, said that he did not know the defendant and had not given him permission to take the car.

At trial, the defendant admitted that he was driving the car when he was arrested, but testified that he did not know that it was stolen. He stated that he thought the car belonged to Curtis Hudson, who had given him permission to drive the car. He further testified that he had used the name "Otis Willoughby" because he had two outstanding warrants that he could not afford to pay. Finally, the defendant denied telling the detective that he knew the car was stolen. The defendant was convicted of first degree tampering.

In his first point, the defendant contends that the trial court erred in sustaining the state's objection to defense counsel's question as to the reason for the defendant's convictions in that this testimony was directly related to his credibility. The state asserts that such testimony was irrelevant to any issue in the case and injected solely to elicit sympathy for the defendant.

At trial, defense counsel questioned the defendant about his prior convictions for tampering, burglary, and stealing. The state objected when defense counsel tried to ask the defendant why he had committed these offenses. After defense counsel explained that the defendant would testify that he had committed these crimes because he was addicted to cocaine, the court sustained the objection on the ground that the question was irrelevant. Defense counsel did not offer the court any explanation as to how the proffered testimony was relevant.

Evidence is relevant if it tends to prove or disprove a fact in issue, or if it corroborates evidence that is relevant and bears on a principal issue. *State v. Bounds,* 857 S.W.2d 474, 477 (Mo.App.1993). The trial court is vested with broad discretion in ruling on questions of relevancy and the appellate court should not interfere with the trial court's ruling in the absence of a clear showing of an abuse of discretion. *State v. Brown,* 718 S.W.2d 493, 493–94 (Mo. banc 1986). It is not error to exclude evidence that has no bearing on the matters in issue and is immaterial and irrelevant. *State v. Reichert,* 854 S.W.2d 584, 595 (Mo.App.1993).

We find no abuse of discretion here. If a criminal defendant chooses to testify, his prior convictions may be exposed and considered by the jury to determine his credibility. *State v. Light,* 871 S.W.2d 59, 62–63 (Mo. App.1994); § 491.050, RSMo 1994. However, given the purpose of this evidence, the details of the admitted prior convictions are unnecessary. *State v. Silcox,* 694 S.W.2d 755, 757 (Mo.App.1985).

When the state questions a defendant about his prior convictions, it is permitted to elicit the nature, dates, and places of the occurrence, as well as the sentences resulting therefrom. *Light,* 871 S.W.2d at 63. "In literary terms who, what, when and where are in order but why and how are not." *Id.* The defendant was attempting to delve into the why category. The answer does not become relevant simply because the defense counsel, rather than the state, asked the question. The defendant failed to explain, either at trial or in his brief, how his explanation for why he committed the prior offenses would make him a more credible witness. The court did not abuse its discretion in

sustaining the state's objection. Point denied.

■ In his second point, the defendant claims that the motion court erred in denying his Rule 29.15 motion for post-conviction relief. He alleged that his trial counsel had been ineffective in that he failed to allow the defendant to assist in selecting the jury. The defendant admits that he was with his counsel during jury selection.

■ The motion court denied this claim on the ground that improper jury selection is trial court error that is not cognizable under Rule 29.15, citing *Smith v. State*, 684 S.W.2d 520 (Mo.App.1984). However, improper jury selection may be advanced for the first time in a postconviction proceeding *if* the defendant shows that he had no knowledge of the improper jury selection process until after his trial. *Id.* To prevail on a claim of ineffective assistance of counsel during the jury selection process, the defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby. *Love v. State*, 670 S.W.2d 499, 501 (Mo. banc 1984).

The defendant first complains that "[a]ll the black jurors were struck for reasons they shouldn't have been struck for." He alleged in his motion that if he had been allowed to assist in jury selection he would have had a jury that was more representative of the overall community. At the evidentiary hearing, however, the defendant testified that he was present during the jury selection and said something to his attorney concerning the absence of black jurors. Because the defendant was aware of the alleged improper jury selection before trial, the motion court correctly concluded that this allegation could not be brought in a post-conviction proceeding. *Smith*, 684 S.W.2d at 522.

■ Further, as to the defendant's allegation that trial counsel was ineffective for failing to raise a *Batson* claim, trial counsel did, in fact, challenge the peremptory strikes exercised by the state as to two black female

jurors, forcing the state to provide race and gender neutral reasons for striking them. The motion was denied after the state provided neutral reasons. Trial counsel cannot be found ineffective when he did, in fact, raise the objection of which the defendant complains.

■ The defendant now argues that "he would have struck at least one venireperson who described close ties to an assistant chief of police, but instead that venireperson served upon his jury." However, the defendant's amended 29.15 motion only alleged that "he believed that several of the venirepersons chosen for the jury were improperly biased against him. . . ." He had the opportunity at the evidentiary hearing to substantiate this claim. However, the only testimony concerning this conclusory allegation was as follows:

> [T]here was other people on the jury that had people who was kin to police officers and prosecutors and judges and all that but they struck my . . . jurors that I was going to pick because of reasons that the police didn't make it to their house on time and all stuff like that.

His only assertion of prejudice at the hearing was that he thought the trial would have come out differently "because wasn't no way I would have went to trial like that."

■ To be entitled to a presumption of prejudice resulting from defense counsel's ineffective assistance during the jury selection process, a post-conviction movant must show that a biased venireperson ultimately served as a juror. *Forshee v. State*, 763 S.W.2d 352, 355 (Mo.App.1988). Neither the voir dire, nor the testimony presented at the evidentiary hearing shows that any juror was biased against the defendant. *Id.* The defendant failed to identify the name of any particular venireperson he believed to be biased against him. The defendant did not provide any testimony or statements from any juror to substantiate his claim of bias. Additionally, at the evidentiary hearing, the defendant did not even question trial counsel about jury selection.[1]

---

1. We note that the defendant's testimony that he was in court during jury selection and said some-

thing to trial counsel about the racial composition of the jury casts doubt on his claim that

Given the conclusory allegations raised in the Rule 29.15 motion and presented at the evidentiary hearing, and the absence of any evidence presented to prove such allegations, the motion court correctly denied the defendant's claim because he failed to meet the standard required to prevail on such a claim, as set forth in *Love,* 670 S.W.2d at 501. Point denied.

LOWENSTEIN, P.J., and SPINDEN, J., concur.

counsel did not allow him to assist in the jury selection process, given the fact that counsel did raise a *Batson* claim as to the state's use of its peremptory strikes against two black female jurors.