STATE of Missouri, Respondent,

v.

Clifford Pickett MALONE, Appellant.

Nos. WD 51252, WD 52912.

Missouri Court of Appeals, Western District.

Sept. 16, 1997.

A. Renae Adamson, Assistant Public Defender, Columbia, for Appellant.

Philip M. Koppe, Assistant Attorney General, Kansas City, for Respondent.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

HOWARD, Judge.

Clifford P. Malone (also known as Clifford Pickett) appeals his convictions, following a jury trial, for distribution of a controlled substance near public housing in violation of § 195.218 RSMo 1994, and trafficking drugs in the second degree in violation of § 195.223 RSMo 1994. He was sentenced to two concurrent life sentences. Malone also appeals the denial of his Rule 29.15 postconviction motion.

Malone raises five points on appeal. First, he claims the trial court erred in overruling his motion to suppress evidence of electronic equipment and jewelry seized from his home and his person. Second, he claims the trial court erred in failing to instruct the jury to disregard evidence that it is illegal to possess food stamps and that Malone had previously sold crack to a witness on numerous occasions. Third, he contends the trial court erred in allowing a witness to testify about how to make cocaine, how to use cocaine base, cocaine and crack's effect on users, and the addictiveness of cocaine and crack. Fourth, Malone claims the trial court erred in allowing into evidence items of electronic equipment and jewelry. Fifth, he claims the motion court erred in denying his Rule 29.15 motion, which asserts that his defense counsel was ineffective because he waived Malone's right to be present at the pre-trial suppression hearing.

The judgment of conviction is affirmed. The judgment denying the Rule 29.15 motion is affirmed.

## Facts

On November 14, 1994, Sergeant Thomas Bolling of the Marshall Police Department received an anonymous telephone call informing him that a man named "Pick" was selling cocaine from a house in Marshall. The informant told the police that the man was trading drugs for electronic equipment. While conducting surveillance of the house, Bolling saw five vehicles arrive at the house. An occupant of each vehicle entered the house and left a short time later. One of the individuals removed an item, which appeared to be a VCR, from the car and carried it to the house. The person did not return with the item.

Deborah Weppler and Sirrena Truitt (also referred to as Sabrina) arrived in the fifth vehicle. Truitt had given cash and food stamps to Weppler so that Weppler could buy some cocaine. Weppler bought the cocaine and gave it to Truitt. Detective George Workman attempted to stop the car Truitt was driving, and the car accelerated, hitting Workman in the leg. Weppler and Truitt were later arrested. Weppler told the police that she had bought cocaine from Malone three times that night, and that she had been buying cocaine from Malone for a period of six or seven months.

Based on the anonymous tip, their observations during their surveillance of Malone's house, and their conversations with Weppler and Truitt, the police obtained a search warrant for Malone's house. Malone was in his home when Bolling executed the search warrant. The warrant authorized a search for "controlled substances, specifically crack cocaine." While searching the house, officers seized numerous items of electronic equipment, including VCRs, televisions, stereo equipment, CD and cassette tape players, radar detectors, an answering machine, and a microwave oven. Officers also seized food stamps, cash, and two packages of crack cocaine, weighing 25.69 grams and 1.44 grams. After arresting Malone, the police searched Malone's person and seized various items of jewelry, including rings, bracelets and necklaces found in two medicine bottles.

## Point I: Motion to Suppress Evidence of the Electronic Equipment and Jewelry

Appellant's first point on appeal is that the trial court erred in overruling his motion to suppress evidence of the electronic equipment and jewelry seized from his home and his person because the seizure violated Appellant's right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, § 15, of the Missouri Constitution. Appellant argues that the seizure exceeded the scope of the search warrant, which authorized only the seizure of controlled substances, specifically crack cocaine.

■ Respondent correctly claims that Malone failed to preserve this claim of error for review. To preserve an objection to evidence for review, the objection must be specific, and the point raised on appeal must be based upon the same theory. *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). The basis of Malone's motion to suppress and his objection to the evidence at trial was that there was no probable cause to issue the warrant. In his appeal, Malone argues for the first time that the seizure of the items admitted into evidence exceeded the scope of the search warrant. Because Malone first argued on appeal that the seizure exceeded the scope of the search warrant, Malone failed to properly preserve his claim of error.

■ Moreover, even if Malone had properly preserved the claim of error, we find that the seizure of the jewelry and electronic items was proper, even though the items were not listed in the search warrant. Given what the police knew, the better and safer practice would be to have included these items in the search warrant. However, under the plain view doctrine, evidence in plain view is subject to seizure if the evidence was in an area where the items described in the search warrant might be and its incriminating character was apparent. *United States v. Golay*, 502 F.2d 182, 184–85 (8th Cir.1974). The seizure of the electronic equipment meets both of these conditions. It was in an area where controlled substances could have been found, and because of the tip the offi-

cers received that Malone was trading electronic equipment for drugs at the house, the incriminating nature of the equipment was immediately apparent. Therefore, the seizure of the electronic equipment was lawful.

 The jewelry was subject to seizure because it was discovered as a result of a search incident to arrest. Pursuant to a valid arrest, an officer may search the defendant's person and the area within his immediate control. *State v. Giffin*, 640 S.W.2d 128, 132 (Mo.1982). An officer may seize items found pursuant to a search incident to arrest if the items have evidentiary value in connection with the crime for which the suspect is arrested. *State v. Figgins*, 839 S.W.2d 630, 640 (Mo.App. W.D.1992). There must be probable cause to believe that the items seized will aid in a particular apprehension or conviction. *Id.* The medicine bottles containing the jewelry were found on Malone's person and they were seized pursuant to his arrest. In addition, the items could have had evidentiary value in this case and could have aided in Malone's conviction because the jury could reasonably infer that the jewelry was traded for drugs. Therefore, the seizure of the jewelry was lawful.

Point I is denied.

### Point II: Jury Instructions

Appellant's second point on appeal is that the trial court erred in overruling Malone's objection and failing to instruct the jury to disregard evidence that it is illegal to possess food stamps and that Appellant had previously sold crack to Deborah Weppler on numerous occasions in the past six or seven months. Appellant argues that this evidence violated his right to due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10, of the Missouri Constitution. Appellant argues that this evidence was prejudicial to him because the jury was likely to infer that Appellant was thereby guilty of the charged offenses.

### Testimony About Food Stamps

It is clear that Malone may not claim that the trial court erred in failing to instruct the jury, *sua sponte*, to disregard Sergeant Bolling's testimony that it is illegal to possess food stamps. First, Malone did not object to this testimony at any point. Therefore, by failing to object, he waived any objections he may have had to the evidence. *State v. Gant*, 490 S.W.2d 46, 49 (Mo.1973).

 Furthermore, Malone is estopped from objecting to this testimony. A party may not complain about evidence introduced into the case through his own attorney's questions or conduct. *State v. Eighinger*, 931 S.W.2d 835, 838 (Mo.App. W.D.1996). On direct examination, Malone's attorney elicited the testimony that it is illegal to possess food stamps. Therefore, Malone may not now complain about the testimony elicited by his own attorney.

 In addition, a defendant who fails to request jury instructions to disregard evidence does not preserve a challenge to a lack of such instructions. *State v. Tobias*, 873 S.W.2d 650, 654 (Mo.App. E.D.1994). Malone did not request jury instructions to disregard the testimony on the illegality of food stamps. Consequently, the claim of error is not preserved for review.

### Testimony About Previous Drug Sales

 Malone's claim that the trial court erred in failing to instruct the jury to disregard Deborah Weppler's testimony that she had bought crack from Malone on numerous occasions in the past six or seven months also fails. An objection which is made after the question has been asked and answered is untimely, and, in the absence of a motion to strike the answer, the ruling of the trial court on the objection is not preserved for appellate review. *State v. Brown*, 752 S.W.2d 382, 384 (Mo.App. E.D.1988). On direct examination, Respondent asked Weppler whether she had been to Malone's house to buy crack on prior occasions. Malone did not object until Weppler answered the question. Therefore, because Malone did not object until the question had been asked and answered and he did not make a motion to strike the answer, he did not preserve the objection for review.

Also, as with the testimony on the illegality of possessing food stamps, Malone did not request that the court instruct the jury to disregard the testimony about the prior drug sales. By not requesting the jury instructions, he failed to preserve his claim of error. *Tobias*, 873 S.W.2d at 654.

Because Malone did not properly preserve his claims of error for review, there is no need to address the issue of whether the testimony concerning the food stamps and the prior drug sales was more prejudicial than probative.

Point II is denied.

### Point III: Villanueva's Testimony

Appellant's third point on appeal is that the trial court plainly erred, resulting in manifest injustice to him, in allowing Corporal Villanueva to testify about how to make cocaine, how to use cocaine base, cocaine and crack's effect on users, and the addictiveness of cocaine and crack because this evidence was irrelevant to the issues before the jury and did not tend to show motive, intent, absence of mistake or accident, common plan, or identity. Appellant argues that this testimony violated his rights to due process of law and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution and Article I, §§ 10 and 18(a), of the Missouri Constitution, in that the testimony was irrelevant, its prejudicial impact outweighed its probative value, and it influenced and inflamed the passions of the jury.

Errors raised for the first time on appeal are reviewed under the plain error standard. *State v. Ross*, 923 S.W.2d 354, 356 (Mo.App. W.D.1996). Under Rule 30.20, an appellate court will grant relief under plain error review only when the error so substantially affects a defendant's rights that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Simmons*, 939 S.W.2d 487, 489 (Mo.App. W.D.1997). To be entitled to relief under the plain error rule, a defendant must go beyond a showing of demonstrable prejudice to establish manifest prejudice affecting substantial rights, and a conviction will be reversed only if it is

established that it had a decisive effect on the jury's verdict. *State v. Clark*, 913 S.W.2d 399, 405 (Mo.App. W.D.1996).

Respondent argues that Malone's attorney's statement, "Corporal Villanueva we have no objection to. I understand what the purpose of that is," served to waive any objections Malone might have had to Villanueva's testimony. However, this statement merely expressed that Malone had no objection to the late endorsement of the witness. It did not waive any objections Malone had to the actual content of the testimony. Therefore, plain error review is appropriate.

We find that it was not plain error for the trial court to allow Villanueva's testimony. We have held that expert testimony regarding the manufacture, use and physical properties of controlled substances is relevant and admissible in prosecutions for the sale or possession of illicit drugs. *State v. Mays*, 884 S.W.2d 405, 408–09 (Mo.App. W.D.1994); *State v. Gola*, 870 S.W.2d 861, 864–65 (Mo.App. W.D.1993). In addition, it is within the trial court's sound discretion to admit or exclude an expert's testimony. *State v. Davis*, 814 S.W.2d 593, 603 (Mo. banc 1991), *cert. denied*, 502 U.S. 1047, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992).

Point III is denied.

### Point IV: Introduction of Electronic Equipment and Jewelry into Evidence

Appellant's fourth point on appeal is that the trial court erred in overruling his objections and allowing the introduction of numerous items of electronic equipment and jewelry into evidence because that evidence violated Appellant's right to due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10, of the Missouri Constitution, in that the evidence was irrelevant, and its prejudicial impact outweighed the probative value since the jury was likely to infer that Malone was thereby guilty of the charged offenses.

Evidence is relevant if it tends to prove or disprove a fact in issue, or if it corroborates evidence that is relevant and

bears on a principal issue. *State v. Pierce,* 927 S.W.2d 374, 376 (Mo.App. W.D.1996). The trial court is vested with broad discretion in ruling on questions of relevancy and the appellate court should not interfere with the trial court's ruling in the absence of a clear showing of an abuse of discretion. *Id.*

■ For the offense of distribution of a controlled substance near public housing, Respondent was required to prove that Malone "knew or consciously disregarded a substantial and unjustifiable risk that the substance he delivered was a mixture or substance containing cocaine base, a controlled substance." For the offense of trafficking drugs in the second degree, Respondent was required to prove that Malone "possessed six grams or more of a mixture or substance containing cocaine base, a controlled substance, and ... that [Malone] knew or was aware of the presence and illegal nature of the controlled substance." Evidence that tends to prove a defendant had knowledge of the nature and presence of illegal drugs is admissible when the State is required to prove, as part of its case, that the defendant had such knowledge. *State v. Steward,* 844 S.W.2d 31, 34–35 (Mo.App. W.D.1992). The electronic equipment and the jewelry tended to prove that defendant had knowledge of the nature and presence of the illegal drugs found in his house. The informant told the police that Malone was trading drugs for electronic equipment. In addition, the police observed a person take electronic equipment into Malone's house and leave without it. Also, the jury could reasonably infer that the jewelry found on Malone's person at the time of arrest was traded for drugs. Therefore, the evidence was relevant to show that Malone was aware of the nature and presence of the cocaine.

It is for the trial court to decide whether the probative value of evidence outweighs its prejudicial effect. *State v. Wayman,* 926 S.W.2d 900, 905 (Mo.App. W.D.1996). The trial court's decision will not be disturbed on appeal unless it is a clear abuse of discretion. *Id.* In this case, we find that the trial court did not abuse its discretion in overruling Malone's objection.

Point IV is denied.

## Point V: Rule 29.15 Motion

Appellant's fifth point on appeal is that the motion court clearly erred in denying his motion for postconviction relief pursuant to Rule 29.15 because the denial violated his rights to due process of law, confrontation, and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 18(a), of the Missouri Constitution, in that Appellant was not present during the motion to suppress evidence hearing and counsel improperly waived his right to be present.

■ Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Supreme Court Rule 29.15(k); *State v. Parker,* 886 S.W.2d 908, 933 (Mo. banc 1994), *cert. denied,* 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court has a definite and firm impression that a mistake has been made. *State v. Nolan,* 872 S.W.2d 99, 104 (Mo. banc 1994).

A convicted defendant can prevail on a claim of ineffective assistance of counsel only after proving (1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced the client. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

■ The right of a defendant to be present at any stage of a criminal proceeding that is critical to its outcome has no application where there is a waiver of defendant's presence by his counsel. *State v. Sanders,* 539 S.W.2d 458, 461 (Mo.App.1976). Appel-

lant's counsel had the option of filing or not filing the pretrial motion to suppress the confession, or, once having filed the motion, of discontinuing it at any time, all within his discretion as part of his strategy in the conduct of the case. *Id.* Whether the defendant should or should not be present during the hearing on the motion is part of that same pretrial strategy. *State v. Molasky,* 655 S.W.2d 663, 669–70 (Mo.App. E.D.1983), *cert. denied,* 464 U.S. 1049, 104 S.Ct. 727, 79 L.Ed.2d 187 (1984). Because the waiver of Appellant's presence at the suppression hearing was entirely within counsel's discretion, Appellant fails to satisfy the first prong of the *Strickland* test.

Malone also fails to satisfy the second prong of the *Strickland* test. In order to demonstrate the requisite prejudice from his counsel's supposed deficient performance, Malone must show a reasonable probability that, but for his attorney's errors, the result of the trial would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Malone does not allege that the result of the trial would have been different if his attorney had accepted the court's offer to postpone the hearing until Malone could be present. Therefore, we find that Malone has not established the requisite prejudice for his ineffective assistance of counsel claim.

Point V is denied.

The judgments of the trial court and the motion court are affirmed.

All concur.