**STATE of Missouri, Respondent,**

v.

**Darthell DAVIS, Appellant.**

**No. WD 52557.**

Missouri Court of Appeals,
Western District.

March 31, 1998.

A. Renae Adamson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., for respondent.

Before ULRICH, C.J., P.J., and HANNA and HOWARD, JJ.

ULRICH, Chief Judge, Presiding Judge.

Darthell Davis appeals his conviction for second degree murder, section 565.021, RSMo 1994, and sentence of thirty years imprisonment. Mr. Davis raises two issues on appeal. He contends the trial court erred in (1) failing to declare a mistrial *sua sponte* when the prosecution told the jury during closing argument that Mr. Davis had not corroborated his story; and (2) denying Mr. Davis's Rule 29.15 motion for post-conviction relief where his trial counsel was ineffective for failing to call two witnesses. The judg-

ment of conviction is affirmed and the denial of the Rule 29.15 postconviction motion is affirmed.

## FACTS

Several hundred teenagers gathered at the home of Jimmie Prior in Peculiar, Missouri, on May 14, 1993, for a graduation party following the high school graduation at Raymore–Peculiar High School. Mr. Davis and several of his friends attended the party. Throughout the evening, Mr. Davis carried a lead pipe in his hand and had a handgun concealed in the waist band of his pants.

A short time after Mr. Davis arrived at the party, Dewayne Townsend and some friends arrived. As Mr. Townsend arrived, a fight broke out among two girls. Mr. Townsend went toward the fight to try to help stop it. As the fight continued, Mr. Davis pulled the gun from his waist band, pointed it into the air, and fired a shot. At the same time, Mr. Townsend was bumped from behind by another male. As Mr. Townsend and the male exchanged words, Mr. Davis approached. When Mr. Davis reached the area, he called Mr. Townsend a "mother-fucker," raised his gun from his side, aimed it at Mr. Townsend's head and fired a shot from approximately six inches to one foot away. After shooting Mr. Townsend, Mr. Davis fled the scene. Mr. Townsend died as a result of the gunshot wound that penetrated the inner margin of his right eye.

At trial, Mr. Davis testified on his own behalf. He testified that the shooting was an accident. Mr. Davis also presented the testimony of his mother and Reginald Banks, Jr., who claimed Mr. Davis cried after the shooting and stated he did not mean to shoot Mr.Townsend. At the close of the evidence, the jury found Mr. Davis guilty of second degree murder. The court sentenced Mr. Davis to thirty years imprisonment.

Mr. Davis filed a Rule 29.15 motion for post conviction relief alleging ineffective assistance of counsel for failure to call as witnesses Luther Wright and Damon Duncan.

Mr. Davis alleged that Mr. Wright and Mr. Duncan would have testified that Mr. Davis had been drinking that evening and had not brought the gun to the party. The court denied the motion on May 14, 1997. This appeal followed.

## I. THE TRIAL COURT DID NOT ERR IN FAILING TO *SUA SPONTE* INTERVENE IN RESPONSE TO THE STATE'S CLOSING ARGUMENT

Mr. Davis contends as his first point on appeal, that the trial court committed plain error in failing to declare a mistrial *sua sponte* when, during closing argument, the prosecutor argued the jury should find Mr. Davis guilty in part due to his failure to corroborate his story. Mr. Davis argues that the prosecutor's comments improperly shifted the burden of proof to him. Mr. Davis specifically challenges the following statements made by the prosecution during closing arguments:

All the others saw the first shot here. All of them saw the second shot. All of them saw the defendant fire the second shot. All of them described a purposeful and determined movement. All of them said that the gun was within a foot of Dewayne Townsend's head. None of them said that it appeared to be an accident. None of them said that the defendant was jostled or bumped. All of them said it was done purposefully.

Where is the defendant's case? Have you stopped to ask yourselves that question yet? We have three witnesses. The defendant's mother, the defendant's-the defendant himself, and Reggie Banks, one of the black men who came down from Jackson County that evening.

And the defense attorney had Reggie Banks on and off that stand in five minutes. He did not want him up there. And yet we have an elaborate story of marijuana usage, an ingestion of 40 ounces of malt liquor, gin and juice, and then some drinking game that he played at the party with Jack Daniels.

Where are the witnesses who should have sat here and told us about the drug use? Where are the witnesses who would corroborate the story of drinking? Were are the witnesses who said I saw Darthell stumbling around that night? Where are the witnesses who participated in the drinking game?

I brought you two witnesses, Amy Galloway and Brian Wood, who said his eyes were clear, there was no smell of alcohol on his breath, his thought pattern was clear, he engaged in conversation, he did not appear to be drunk.

Where is the- Where is the defendant's corroboration? Where-Out of the 175 witnesses who were at this party, where is one person who said yeah, I think it might have been an accident? Where is the one person among the 20 or 25 who said I think it even might be an accident?

The defense attorney had one person on and off the stand. Nobody else came. There are no other people who came into this courtroom to tell about all these things, because they do not exist. There's one inescapable fact that permeates this case, and that is that Darthell Davis, fired a shot between the eyes of Dewayne Townsend at point blank range.

He got up here and he said, " I don't know what happened, it was an accident." But he didn't shoot him in the leg. It was an accident, but he didn't shoot him in the arm. He didn't know were the gun was pointed, but he didn't shoot him in the chest and he didn't shoot him in the neck and he didn't shoot him in the cheek. He shot him right between the eyes at a distance of less than a foot, corroborated by every one of these witnesses, corroborated by the coroner, corroborated by the ballistics expert.

Because Mr. Davis failed to object to the comments at trial or request a mistrial, the challenged statements are reviewed for plain error only.

 Relief on assertions of plain error regarding closing arguments should rarely be granted and is generally denied without explanation because, "in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995)(quoting *State v. Clemmons*, 753 S.W.2d 901, 907–908 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369, (1988)). To be entitled to plain error relief, a defendant must show manifest prejudice affecting substantial rights. *State v. Malone*, 951 S.W.2d 725, 730 (Mo.App. 1997). A conviction will be reversed only if the improper argument had a decisive effect on the jury's determination. *Id.* The defendant has the burden of proving the effect of the argument on the jury. *State v. Elliott*, 856 S.W.2d 944, 945 (Mo.App.1993).

 The prosecution may argue an adverse inference from a defendant's failure to produce evidence which could be reasonably expected to be in the defendant's favor. *State v. Perry*, 820 S.W.2d 570, 574 (Mo.App. 1991). When the prosecution argues such an inference, the burden of proof does not shift to the accused. *Id.* Once a defendant has testified, comments regarding the lack of evidence to support the defendant's position are not improper. *State v. Chambers*, 884 S.W.2d 113, 117 (Mo.App.1994), *overruled on other grounds, State v. Santillan*, 948 S.W.2d 574, 576 (Mo. banc 1997).

 Mr. Davis testified in his own defense. Because he testified in his own defense, the prosecution was entitled to comment on the lack of evidence supporting the position Mr. Davis asserted. *Chambers*, 884 S.W.2d at 117. References to Mr. Davis's lack of corroborating evidence did not improperly shift the burden of proof to him. *Id.* There was no error, plain or otherwise, by the trial court's failure to declare a mistrial *sua sponte* during closing argument. Point one is denied.

## II. MR. DAVIS WAS NOT ENTITLED TO POST–CONVICTION RELIEF

As his second point on appeal, Mr. Davis argues that the trial court erred by denying

his Rule 29.15 motion for post-conviction relief on the ground that his trial counsel was ineffective for failing to call Luther Wright and Damon Duncan as witnesses. Mr. Davis argues that Mr. Wright and Mr. Duncan should have been called as witnesses because they would have testified that Mr. Davis had been drinking the night of the murder and that he did not bring the murder weapon to the party.

 A showing of ineffective assistance of counsel requires that the defendant show counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby. *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In order words, the defendant must show that but for the counsel's unprofessional conduct, there was a reasonable probability of a different result. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

 The selection of witnesses and the decision not to call additional witnesses are matters of trial strategy. *State v. Roe*, 845 S.W.2d 601, 605 (Mo.App.1992). Strategic choices made after thorough investigation are virtually unchallengeable. *State v. Ramsey*, 864 S.W.2d 320, 340 (Mo. banc 1993), *cert. denied*, 511 U.S. 1078, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994); *Roe*, 845 S.W.2d at 605. To prove counsel was ineffective for failing to call witnesses, defendant must show that the witnesses could have been located through reasonable investigation, what they would testified to if called, and that their testimony would have established a viable defense. *Id.*

 The two witnesses Mr. Davis complains of, Mr. Wright and Mr. Duncan, would have testified that Mr. Davis had been drinking the night of the incident and that Mr. Davis did not bring the murder weapon to the party. Mr. Davis, however, has failed to establish that the testimony of Mr. Wright and Mr. Duncan would have established a viable defense. The undisputed evidence established that Mr. Davis attended the party in Peculiar, Missouri; Mr. Davis had a loaded gun in his possession throughout the evening; Mr. Davis approached Mr. Townsend as Mr. Townsend attempted to separate the two girls who were fighting; and Mr. Davis raised the gun from his side, aimed it at Mr. Townsend's head and fired a shot from approximately six inches to one foot away. The only issue remaining to be determined at trial was whether Mr. Davis knowingly caused the death of Mr. Townsend or with the purpose of causing serious physical injury to Mr. Townsend caused his death, as required for a conviction of second degree murder.

The proposed testimony of Mr. Wright and Mr. Duncan fails to support Mr. Davis's claim that he accidentally shot Mr. Townsend and, therefore, was not guilty of second degree murder. Neither Mr. Wright nor Mr. Duncan saw Mr. Davis kill Mr. Townsend. As neither Mr. Wright nor Mr. Duncan saw Mr. Davis kill Mr. Townsend, their testimony, therefore, would not have supported Mr. Davis's defense that the shooting was accidental. Mr. Wright and Mr. Duncan would have first testified that Mr. Davis did not bring the gun to the party but rather obtained it from someone at the party. As it was undisputed that Mr. Davis had a gun in his possession and used that gun to kill Mr. Townsend, whether Mr. Davis brought the gun to the party with him or whether he obtained the handgun from someone at the party was a collateral matter. Similarly, whether Mr. Davis was intoxicated at the time of the shooting had no bearing on the essential element to be determined at trial. Mr. Davis does not claim that his consumption of alcohol resulted in his shooting Mr. Townsend. Because the source of the firearm used in the killing and Mr. Davis's consumption of alcohol prior to the killing did not relate to the essential element of whether Mr. Davis knowingly caused the death of Mr. Townsend or with the purpose of causing

serious physical injury to Mr. Townsend caused his death, no viable defense could have been presented through Mr. Wright and Mr. Duncan's testimony. Accordingly, Mr. Davis failed to establish entitlement to post-conviction relief under Rule 29.15. Point two is denied.

The judgment of conviction is affirmed and the denial of the Rule 29.15 postconviction motion is affirmed.

All concur.